IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEICO INDEMNITY INSURANCE
COMPANY, a Maryland Corporation,

        Plaintiff,

        vs.                           Case No. 06-1067-JTM

RACHEL KANNADAY; SHARON
WRIGHT; CHARLES CHURCH; R.A.
CHRISTOPHER, INC., d/b/a CHRIS
TRUCK LINE; LIBERTY MUTUAL FIRE
INSURANCE COMPANY;
METROPOLITAN LIFE INSURANCE
COMPANY; and WESLEY MEDICAL
CENTER, L.L.C.,

        Defendants.

MEMORANDUM AND ORDER

The plaintiff in this interpleader action, GEICO Indemnity Insurance Company, is the insurer of one of the motor vehicles involved in an accident. The defendants are the individuals involved in the accident, the business which operated the insured vehicle, that business's workers compensation carrier, and the hospital which provided medical services to the victims of the accident. GEICO has previously paid the amount of the remaining funds into the court. GEICO has now filed a motion seeking discharge from further liability as to the $25,000 in outstanding subject funds payable under the policy and a permanent injunction preventing the defendants from trying to otherwise recover those funds from plaintiff.

Of the defendants, only two have answered GEICO's complaint, and only one has responded to the motion for discharge and entry of permanent injunction.  Defendant Rachel Kannaday asserts that GEICO's motion is effectively a motion for summary judgment prior to adequate discovery, asserts the possibility of a bad faith claim against the insurer, and asserts that the plaintiff is attempting to "get some sort of injunction to prevent this Defendant from litigating her bad faith claim." (Dkt. No. 20, at 2.)  Kannaday's two-page response is otherwise devoid of any argument and presents no discussion of the law of interpleader.

The interpleader statutes, 28 U.S.C. §§1335 and 2361, do not require formal summary judgment pleadings as a prerequisite for a stakeholder to take refuge in their provisions.  Instead, interpleader practice contemplates precisely the sort of motion for discharge which plaintiff brings.

Further, Kannaday appears to misinterpret the scope of the relief sought and that contemplated by the interpleader statutes.  Nothing in the relief sought would create some sort of blanket immunity to a separate action against the plaintiff for alleged bad faith.  Instead, plaintiff's motion explicitly seeks only to resolve the competing claims against specific property in question, here the proceeds of the policy itself:

> For the reasons stated above, plaintiff requests that, as the disinterested stakeholder in this statutory interpleader action, it be discharged from further liability with regard to the subject funds that it has deposited into Court, and for a permanent injunction restraining the defendants from initiating or prosecuting actions seeking to, directly or indirectly, recover the subject funds.

(Dkt. No.19, at 9).  The court's order does not prevent Kannaday from bringing a separate claim which is not tied to these specific funds.

Here, the plaintiff is entitled to the relief sought because it has demonstrated that the amount in controversy exceeds of $500; that two or more adverse claimants are of diverse citizenship; and

that the plaintiff has deposited the funds in question into the registry of the court. *American Home Life Insurance Company v. Barber*, No. 02-4168-SAC, 2003 U.S. Dist. LEXIS 9365, at *6-8 (D. Kan. May 16, 2003).

IT IS ACCORDINGLY ORDERED this day of November, 2006, that the plaintiff's Motion for Discharge and Permanent Injunction (Dkt. No. 18) is hereby granted.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE