IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEICO INDEMNITY INSURANCE )
COMPANY, )
)
                 Plaintiff, )
)
v. )   Case No. 06-1067-JTM
)
RACHEL KANNADY, *et al.*, )
)
                Defendants. )
_____)

## MEMORANDUM AND ORDER

Before the Court is the Motion to Allow Trial by Jury filed by Cross-Claim Defendant Rachel Kannaday. (Doc. 40.) Wesley Medical Center, L.L.C., the only other remaining Defendant, filed a response (Doc. 44) and Defendant Kannaday has replied (Doc. 46). After a careful review of the parties' submissions, the Court is prepared to rule.

## BACKGROUND

Defendant Kannaday sustained injuries in an accident that occurred while she was a passenger in an automobile driven by Stephanie Hoyt. At the time, Hoyt was insured by Plaintiff Geico Indemnity Insurance Company. As a result of her injuries, Kannaday received medical care and services during an extended hospital

stay with Co-defendant Wesley Medical Center, L.L.C.  Wesley has filed a lien in the amount of $158,929.49, which it claims it is owed for that medical care and treatment.

The present lawsuit was initiated by Geico when it interpleaded $25,000.00 of insurance proceeds to the Court, naming Kannaday, Wesley, and others as Defendants.  After filing her Answer, Kannaday filed a Cross-Claim against Wesley.  In her Cross-Claim, Kannaday states that she "inadvertently waived her right to a jury trial under Fed.R.Civ.P. 38(b)."  (Doc. 42, pg. 1.)  Wesley does not dispute that Kannaday's failure to demand a jury trial under Fed.R.Civ.P. 38(b) was inadvertent.  Rather, the issue is whether the underlying cause of action stated by Kannaday would allow her to a jury trial or must be heard by the court.

## DISCUSSION

Defendant Kannaday moves for an Order allowing her to trial by jury pursuant to Fed.R.Civ.P. 39(b).  Pursuant to the rule, "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Kannaday contends that the hospital's lien for $158,929.49 resulting from her medical treatment is an "unconscionable act" under K.S.A. § 50-627 because

she "is a consumer and the price claimed by the hospital grossly exceeds the price at which similar property or services are readily available in similar transactions by similar consumers." (Doc. 29, ¶ 4.) She argues that allowing a jury trial would cause no prejudice to Wesley and that the request "should be granted 'in the absence of strong and compelling reasons to the contrary.'" (Doc. 42, pg. 2, citation omitted.)

Wesley responds that Kannaday "is not entitled to a jury trial" because "whether an act is unconscionable is to be determined by the Court, not a jury." (Doc. 44, pg. 2, citing K.S.A. § 50-627(b).) Kansas case law on the issue leaves little doubt that this is correct. *See* **Farrell v. General Motors Corp.**, 249 Kan. 231, 238, 815 P.2d 538, 544 (Kan. 1991) (citing K.S.A. § 50-627(b) and **Waggener v. Seever Systems, Inc.**, 233 Kan. 517, 521-22, 664 P.2d 813, 818 (1983)).

Kannaday replies that there "are fact issues and a jury trial is appropriate." (Doc. 46, pg. 1.) She has not, unfortunately, identified any of these alleged fact issues that would entitle her to a jury trial. She also argues that "she has claimed violations of the Kansas Consumer Protection Act," which are issues of law for the Court, but "that doesn't mean that the other issues in the case are not proper jury issues." (*Id*.) Again, however, she has failed to enlighten the Court as to any of these alleged "other issues in the case."

3

A review of Kannaday's Cross-Claim does not bolster her arguments.  The Cross-Claim contains one cause of action – an allegedly unconscionable act under K.S.A. § 50-627.  (Doc. 29, ¶ 4.)  In addition, she contends that at the time she received the treatment resulting in the lien, "there was no reasonable probability of payment of the obligation in full by this cross-claiming defendant."  (*Id*. at ¶5.)  She also contends that Wesley "attempted to charge grossly inflated prices for treatment of this cross-claiming defendant simply because this defendant has no insurance."  (*Id*. at ¶6.)

In the Court's opinion, however, these additional contentions do not constitute "other issues" entitling Kannaday to a jury trial.  Rather, these issues go to the very heart of whether the lien in question is unconscionable.  In fact, when determining whether an act or practice is unconscionable, a court is to consider whether "there was no reasonable probability of payment of the obligation in full by the consumer" and whether "the price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by similar consumers."  K.S.A. § 50-627(b)(2), (4).  These factors the Court must consider mirror the language recited by Kannaday in her Cross-Claim.  As such, the Court is unable to find that Kannaday has plead facts or "other issues" that would entitle her to a jury trial.  The Court, therefore, **DENIES** Defendant

Kannaday's motion.

**IT IS THEREFORE ORDERED** that Defendant Kannaday's Motion to Allow Trial by Jury (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 13th day of August, 2007.

                                         s/ DONALD W. BOSTWICK
                                         DONALD W. BOSTWICK
                                         United States Magistrate Judge