IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

GEICO INDEMNITY INSURANCE
COMPANY, a Maryland Corporation,

      Plaintiff,

vs.

Case No. 06-1067-JTM

RACHEL KANNADAY; SHARON
WRIGHT; CHARLES CHURCH; R.A.
CHRISTOPHER, INC., d/b/a CHRIS
TRUCK LINE; LIBERTY MUTUAL FIRE
INSURANCE COMPANY;
METROPOLITAN LIFE INSURANCE
COMPANY; and WESLEY MEDICAL
CENTER, L.L.C.,

      Defendants.

MEMORANDUM AND ORDER

      Plaintiff GEICO issued an automobile insurance policy covering a van which was involved in a July 13, 2005 accident on I-35, in which the driver of the vehicle, Stephanie Hoyt, was killed and passengers Rachel Kannady, Sharon Wright, and Genevie Gold were severely injured. The van was struck in the collision by a tractor trailer rig driven by Charles Church in the course of his employment with defendant R.A. Christopher, Inc., doing business as Chris Truck Line. Liberty Mutual Fire Insurance Company is the workers compensation carrier for the trucking firm, and later provided benefits to Church for his injuries in the accident. Wesley Medical Center LLC, which provided medical services to the victims of the accident, filed a lien

pursuant to K.S.A. 65-406 on any recovery by Kannaday or Wright. GEICO commenced the present interpleader action pursuant to 28 U.S.C. § 1335 to resolve potential claims by the defendants to the fund created from the policy's limits.

On December 27, 2006, Kannaday filed a cross-claim against defendant Wesley Medical Center seeking damages in the amount of $158, 929.94, the amount of Wesley's lien for medical services, arguing that its actions in "billing or making claim for the sums alleged by the hospital are unconscionable acts under K.S.A. § 50-627 because the defendant herein, Kannaday, is a consumer and the price claimed by the hospital grossly exceeds the price at which similar property or services are readily obtainable in similar transactions by similar consumers." (Dkt. No. 29, at ¶ 4). The cross-claim states that the lien reflects "grossly inflated prices ... simply because this defendant has no insurance." (Id. at ¶ 6). Wesley has now moved to dismiss the cross-claim.

An action is subject to dismissal for failure to state a claim only if the allegations advanced by the plaintiff do not "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), or if a dispositive issue of law exists which requires dismissal. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A plaintiff need not present detailed factual allegations in her complaint, but she must provide more than a formulaic recitation of the elements of a cause of action. *Bell Atlantic*, 127 S.Ct. at 1964-65. The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965 (citations omitted). Thus, "the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct.

992, 152 L.Ed.2d 1 (2002) (*quoting Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

The KCPA was enacted in 1973, in part, "to protect consumers from suppliers who commit deceptive and unconscionable practices," and is construed liberally to this end. K.S.A. § 50-623(b). *Finstad v. Washburn Univ.*, 252 Kan. 465, 845 P.2d 685, 688 (1993). Under the KCPA, Wesley is a supplier that participated in a "consumer transaction." A "consumer transaction" is defined as a "sale, lease, assignment or other disposition for value of property or services within this state to a consumer." K.S.A. 50-624(c). Under K.S.A. 50-624(i)(2),"[s]ervices include ... privileges with respect to ... hospital accommodations." Kannaday's cross-claim potentially implicates two provisions of the KCPA:

> (b) The unconscionability of an act or practice is a question for the court. In determining whether an act or practice is unconscionable, the court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:
>
> ...
>
> (2) when the consumer transaction was entered into, the price grossly exceeded the price at which similar property or services were readily obtainable in similar transactions by similar consumers;
>
> ...
>
> (4) when the consumer transaction was entered into, there was no reasonable probability of payment of the obligation in full by the consumer.

K.S.A. § 50-627(b)(2) and (4).

In support of its motion for summary judgment, Wesley notes a substantial body of authority from other jurisdictions rejecting recent claims arguing that medical provider discounts are unconscionable or illegal. *See, e.g., Lorens v. Catholic Health Care Partners,* 356

F.Supp.2d 827, 834 (N.D. Ohio 2005) (noting that "[n]o court has yet to find for the plaintiffs on any substantive legal issue").  Kannaday attempts to distinguish the many cases which have rejected such claims, stressing, for example, that the claims in such cases involved federal rather than state consumer protection claims.  However, it remains clear that no authority exists for imposing liability based upon the existence of discounts for insured customers.  Certainly Kannaday's response to the motion to dismiss fails to cite any authority recognizing such an action.

The court finds that the present cross-claim does not state a claim for relief under the unconscionability provision of K.S.A. § 50-627(b)(2). The Kansas Supreme Court has stated with respect to the KCPA that  "[t]he cases seem to support the view that there must be some element of deceptive bargaining conduct present as well as unequal bargaining power to render the contract between the parties unconscionable." *State ex rel. Stovall v. Confimed.com*, 272 Kan. 1313, 1321, 38 P.3d 707 (2002) (internal citations and quotations omitted). "Where a record is devoid of any evidence of deceptive or oppressive practices, overreaching, intentional misstatements, or concealment of facts, there are no grounds for a claim of unconscionability under the Kansas Consumer Protection Act." *Id.* at syl. ¶ 6.  Here, Kannaday has not alleged facts which would support a conclusion that Wesley's actions in offering a discount to insured patients were in any way deceptive, oppressive, or overreaching.

Nor can the court agree that Kannaday has presented a colorable claim of a violation of the KCPA based upon charging a different price to "similar consumers" in "similar transactions." Insurance volume discount contracts are an integral part of modern medical practice, just as negotiated volume discounts are an accepted and common aspect of most businesses. The court

finds that the "similarity" in the statute requires consideration not only of the consumer's specific medical condition, but also their status as purchasers of insurance.

Here Kannaday is not a "similar consumer" in a "similar transaction," as compared to third-party payors. Although Kannaday stresses that discovery has not occurred, she does nothing at all in her brief to challenge the general facts set forth in Wesley's motion — specifically, that Wesley charges a federally-mandated "Chargemaster" charge for all hospital services, and that these are applied to all patients. Some patients later pay discounts if they are subject to the federal Medicare or Medicaid programs, or if they are members of an insurance group that has negotiated for such discounts. Persons who are not insured, or who are insured by an insurer who has not entered into a negotiated discount contract, do not receive such discounts. The term "similar" here should and must take into account whether the consumer is a purchaser of insurance from an insurer who has contracted for volume discounts. Kannaday has not alleged that the charges imposed by Wesley were disproportionate to what other similar, uninsured customers are charged.

Similarly, the court finds that Kannaday has failed to articulate any valid claim under K.S.A. 50-627(b)(4), based upon imposing a charge even though it was known that the consumer could not pay. Even following the motion to dismiss the cross-claim, Kannaday has pointed to no facts or alleged the existence of facts which would show that, at the time Kannaday was treated at Wesley, the hospital knew what the treatment would ultimately cost, that Kannaday was not protected by any insurance, and that she did not have the financial resources to pay those charges directly. Further, federal law *required* Wesley to provide the emergency medical services it gave Kannaday. See 42 U.S.C. § 1395dd.

IT IS ACCORDINGLY ORDERED this 11th day of October, 2007, that the defendant Wesley's Motion to Dismiss (Dkt. No. 62) is hereby granted.

s/ J. Thomas Marten<br/>J. THOMAS MARTEN, JUDGE